IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIO ARTUROW CHANDLER,
    Petitioner,

vs.                                       Case No. 3:08cv75/MCR/EMT

DAVID ELLIS, et al.,
    Respondents.
_____/

**O R D E R**

       Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).  Petitioner has also filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 2).  Good cause having been shown, Petitioner's motion shall be granted.  However, the court will not direct service of the petition upon Respondents because Petitioner failed to provide the appropriate number of service copies of the petition.  Petitioner must submit a complete copy for each named Respondent and for the Attorney General of the State of Florida; therefore, Petitioner must submit a total of three (3) complete copies of the petition, including attachments.  In the instant case, Petitioner supplied only two (2) copies of the petition; therefore, he must submit one (1) additional copy.

       Additionally, Petitioner is advised that his petition may be subject to dismissal for failure to satisfy the exhaustion requirement of the federal habeas statute.  Section 2254(b)(1) provides, in relevant part:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>   (A)  the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i)  there is an absence of available State corrective process; or
>     (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).[1] "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." Picard v Connor, 404 U.S. 270, 277–78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276 74, L. Ed. 2d 3 (1982). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida courts for inmates to challenge prison disciplinary proceedings. *See* Fla. Const., Art. V, § 5; Fla. R. Civ. P. 1.630; Fla. R. App. P. 9.100. Further, an appeal at the state level may be filed following an adverse decision of a lower court. *See* Fla. Const., Art. V, § 4; Fla. R. App. P. 9.110. An appeal from an initial denial is required for satisfying the exhaustion requirement of 28 U.S.C. § 2254. *Cf.* Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979). Failure to exhaust is proper grounds for dismissal of the petition. Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992).

In the instant case, Petitioner states in his petition that he presented his habeas claims to the Department of Corrections through the administrative grievance procedure; however, he does not indicate that he presented his claims to the state courts in a mandamus or habeas action. Therefore, it appears that the instant petition may be subject to dismissal. If Petitioner determines that he has not exhausted his state court remedies, he may wish to file a notice of voluntary dismissal to enable him to pursue his state court remedies, and then re-file a federal habeas action when those remedies have been exhausted.[2]

Accordingly, it is **ORDERED**:

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

---

[1] Although Petitioner filed his habeas petition on the form for use in habeas actions under § 2241, the rules and restrictions of § 2254 apply because he is "in custody pursuant to the judgment of a State court." *See* Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (citations omitted).

[2] Petitioner should give the same consideration to his other habeas case pending before this court, Case No. 3:07cv529/RV/EMT, which also challenges a prison disciplinary proceeding.

Case No.: 5:05cv208/MCR/EMT

2. Within **TWENTY (20) DAYS** of the date of docketing of this order, Petitioner shall submit one (1) complete copy of the petition, including attachments, as explained above. This case number should be written on the copy. <u>Alternatively</u>, Petitioner shall file a notice of voluntary dismissal.

3. Failure to comply with this order may result in dismissal of this case.

**DONE AND ORDERED** this <u>29</u>th day of February 2008.

<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**