IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIO A. CHANDLER,
    Petitioner,

v.                                     Case No.: 3:08cv75/MCR/EMT

DAVID ELLIS, WARDEN, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Respondent's motion to dismiss this habeas action as moot based on the fact that Petitioner's sentence has expired, and he has been released from incarceration (Doc. 14). This court issued an order on May 21, 2008, requiring Petitioner to respond to Respondent's motion within twenty days (Doc. 15), but Petitioner has failed to respond.[1]

        Petitioner was, at the time the petition was filed, a state prisoner incarcerated at Santa Rosa Correctional Institution, serving an overall term of two (2) years, four (4) months, and fifteen (15) days (Doc. 14 at 1, Ex. A). In this habeas action, Petitioner challenges only the decision of the Santa Rosa Correctional Institution Disciplinary Hearing Board finding him guilty of participating in a disturbance and imposing eight (8) days loss of gain time and twenty (20) days of disciplinary confinement (Doc. 1 at 2–6). As relief, he seeks expungement of the disciplinary decision from his inmate record and release from close management custody status to the general inmate population (*id.* at 6).

        Respondent filed a motion to dismiss stating that Petitioner expired his sentence and was released from incarceration on May 18, 2008 (Doc. 14 at 1, Ex. A). Thus, Respondent asserts the instant action is moot (*id.* at 2–3).

---

        [1]A copy of the order was mailed to Petitioner at his address of record, Santa Rosa Correctional Institution, as well as the address indicated by the Department of Corrections as Petitioner's "stated residence upon release" (*see* Doc. 14 at 4, Ex. A; Docs. 16, 17).  Petitioner has not notified the court of his new address.

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  Petitioner's ultimate objective in bringing this habeas action was release to the general inmate population and expungement of the disciplinary decision from his record, which would have shortened his sentence by eight (8) days (the amount of gain time he lost as a result of the decision).  Since Petitioner has been released from close management and incarceration, due to the expiration of his sentence, the undersigned finds that there is no longer a case or controversy to litigate.  *See, e.g.,* Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); Humphries v. Rivera, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (habeas challenge to disciplinary decision which resulted in placement in special housing unit and loss of good conduct time was rendered moot by prisoner's release from incarceration); Bango v. McDonough, No. 3:05cv466/RV/EMT, 2006 WL 3483512, at *1–2 (Nov. 29, 2006) (same); Bango v. McDonough, No. 3:06cv18/LAC/EMT, 2006 WL 3147676, at *1–3 (Nov. 1, 2006) (same).  A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a "personal stake in the outcome."  Accordingly, this habeas action is moot, and the motion to dismiss should be granted.

Accordingly it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 14) be **GRANTED**.
2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED as moot**.

At Pensacola this 14th day of July 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).